# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KELLY PATTERSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:20-cv-0385-JEO |
| PUBLIX SUPER MARKETS, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the court[1] is a motion to remand filed by Plaintiff Kelly Patterson. (Doc. 3). Pursuant to the court's order (doc. 4), Defendant Publix Super Markets, Inc. ("Publix") filed a brief and evidence in opposition to the motion. (Doc. 7). Despite being given the opportunity to do so, Plaintiff did not file a reply in support of the motion. For the following reasons, the court concludes that the motion is due to be granted.

---

[1] The action was originally assigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the court's general order of reference dated January 2, 2015. The parties have since consented to an exercise of plenary jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Doc. 16).

## I. BACKGROUND

On February 14, 2020, Plaintiff filed a complaint in the Circuit Court of Jefferson County, Alabama, Bessemer Division, against Publix as well as 14 fictitious defendants. (Doc. 1-1). The complaint alleges claims for negligence and wantonness based on Plaintiff's contention that she injured herself when she slipped and fell in Publix store number 1200, located in Bessemer, Alabama. (*Id*.). On March 20, 2020, Publix filed a notice of removal based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. (Doc. 1). Three days later, Plaintiff filed an amended complaint adding non-diverse Defendant Candace Deale, (doc. 2), and filed a motion to remand pursuant to 28 U.S.C. § 1447(c), (doc. 3).

In the motion to remand, Plaintiff contends the court does not have diversity jurisdiction over her complaint because of the addition of Deale.[2] (*Id*.). Specifically, Plaintiff, an Alabama citizen, argues that Deale, who Plaintiff alleges was the manager of the Publix where the accident occurred, is also a citizen of Alabama. (*Id*. at 3-6). In response, Publix argues that Deale was fraudulently joined as a Defendant for the sole purpose of defeating diversity. Public contends that because Alabama law does not recognize an independent duty on the part of store managers to protect customers from hazards or defects on the premises, there is no possibility that

---

[2] Plaintiff amended her complaint as a matter of right under Federal Rule of Civil Procedure 15(a)(2). Defendant has not objected to the amended complaint or moved to strike it.

Plaintiff can establish a cause of actions against Deale.[3] (Doc. 7 at 5-9). Plaintiff disagrees and contends that Deale was not fraudulently joined. (Doc. 3 at 6-7).

## II. LEGAL STANDARD

An action in state court may be removed to federal court when the federal court has diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. *See University of South Alabama v. American Tobacco Co*., 168 F.3d 405, 411 (11th Cir. 1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction); *Whitt v. Sherman Int'l Corp*., 147 F.3d 1325, 1333 (11th Cir. 1998) (expressing preference for remand where removal jurisdiction is not absolutely clear); *Burns v. Windsor Ins.*

---

[3] Publix also contends that Plaintiff's assertion in her motion to remand that she did not know the identity of Deale at the time the original complaint was filed is "verifiably false." (Doc. 7 at 3). Defendant points to correspondence from counsel for Plaintiff dated October 18, 2018, eleven days after the incident, and an attachment to that correspondence identified as "[t]he incident report created by your manager on the day of the incident." (*Id*. at 18). The incident report is signed by Candace Deale who is identified as the "manager". (*Id*. at 20). Publix, therefore, contends that Plaintiff purposefully omitted Deale when she filed her original complaint because there was no viable claim against her. While the court cannot speculate as to why Plaintiff chose not to initially add Deale as a defendant, the court agrees with Publix that Plaintiff's assertion that she did not know the identity of the store manager when the complaint was filed appears to be inaccurate. However, because under Federal Rule of Civil Procedure 15(a)(1), Plaintiff was allowed to amend her complaint as a matter of right, the court's hands are tied with regards to the amendment. Had the procedural posture been one under Rule 15(a)(2), the court would have likely not permitted such an amendment. *See* 28 U.S.C. § 1447(e); *McReynolds v. Cotton States Ins.,* 2005 WL 2146034, *3 (M.D. Ala., August 31, 2005) (citing *Hensgens v. Deere & Co*., 833 F.2d 1179, 1182 (5th Cir. 1987) (enumerating the relevant factors to be considered)).

*Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (uncertainties regarding removal are resolved in favor of remand); *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear."). Such a remand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of citizenship.

Publix based removal on diversity of citizenship. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.*; *see Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Section 1332 demands complete diversity, such that no plaintiff may be a citizen of the same state as any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F .3d 1334, 1337 (11th Cir. 2002). However, when a plaintiff names a non-diverse defendant solely to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. *Henderson v. Wash. Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). In such a case, the plaintiff is said to have effectuated a "fraudulent joinder," and a federal court may appropriately assert its removal diversity jurisdiction over the case. *Id.* (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). A defendant

seeking to prove that a co-defendant was fraudulently joined must demonstrate, by clear and convincing evidence, either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id*. The burden of proving fraudulent joinder is a heavy one that requires the court to evaluate the parties' factual allegations and submissions in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. *Crowe*, 113 F.3d at 1538.

"The proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56." *Legg v. Wyeth*, 428 F.3d 1317, 1322–23 (11th Cir. 2005) (citations and quotation marks omitted). In making this determination, the court considers "the plaintiff's pleadings at the time of removal, supplemented by any affidavits . . . submitted by the parties." *Id*. (emphasis omitted) (quoting *Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1380 (11th Cir. 1998)). That being said, "the jurisdictional inquiry 'must not subsume substantive determination.'" *Crowe*, 113 F.3d at 1538 (quoting *B, Inc. v. Miller Brewing Co*., 663 F.2d 545, 548-49 (5th Cir. Unit A 1981)).[4]  "When considering a motion for remand, federal courts are not to

---

[4] The Eleventh Circuit has adopted as binding precedent the decisions of the Fifth Circuit that were decided prior to September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

5

weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538 (citing *B, Inc.*, 663 F.2d at 548-49). In other words, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287.

## III.  DISCUSSION

Plaintiff alleges Deale is the manager of the subject Publix and "was in control of the premises at the time of injury." (Doc. 2 ¶¶ 3, 5; Doc. 2 at 5). Plaintiff further alleges that she fell as a result of an "unsafe and hazardous condition that was present on the premises of [Publix]" resulting in injury to her hip, knee, and other body parts. (*Id.* ¶ 6). Plaintiff contends that "[t]he defective and/or unreasonably dangerous condition was caused by the negligence, wantonness, carelessness, and/or unskillfulness of some agent, officer, or employee of Defendants." (*Id.* ¶ 7). Additionally, Plaintiff alleges that "Defendants . . . failed to remedy the defective and/or unreasonably dangerous condition of the premises, and defendants should have had actual or constructive knowledge of the defective and/or unreasonably dangerous condition in the area." (*Id.* ¶ 8).

While certainly not the model of draftsmanship, but keeping in mind the heavy burden placed on Defendants with the fraudulent joinder standard explained above, the court is unable to conclude that an Alabama court would not find Plaintiff's

6

amended complaint states a cause of action against Deale.  Both parties agree that in these types of cases, Alabama courts routinely speak in terms of the duty of a "storekeeper" or "shopkeeper" to exercise reasonable care to customers. *See, e.g., McCombs v. Bruno's, Inc.*, 667 So. 2d 710, 712 (Ala. 1995) ("The rule of law for cases such as this is that there is a duty upon all storekeepers to exercise reasonable care in providing and maintaining a reasonably safe premises for the use of their customers."); *Dunklin v. Winn-Dixie of Montgomery, Inc.*, 595 So. 2d 463, 465 (Ala. 1992).  But that is where the agreement ends.

Defendants contend that "[f]or the Plaintiff to maintain claims for negligence and wantonness against Deale, individually, there must exist a recognizable and independent duty owed by Deale to the Plaintiff.  At no time has Alabama law ever affirmatively recognized such a duty upon a store manager or employee within a premises liability context." (Doc. 7 at 9).  While the court agrees with this general proposition, Defendants are still out of luck.  The standard the court must apply does not require Alabama courts to affirmatively recognize a cause of action.  Instead, the court looks to see if there is a "possibility" of stating a cause of action against the non-diverse defendant.  And while Alabama law is anything but clear as to this point, the court must conclude that the possibility exists.[5]

---

[5] The court recognizes that courts in other jurisdictions have declined to impose a duty of care on store managers who may have been situated similarly to Deale, as highlighted by Defendants.

For instance, in *Boyd v. Wal-Mart Stores, Inc.*, the Alabama Court of Civil Appeals reversed entry of summary judgment in favor of Wal-Mart and two of its managers where the plaintiff alleged that all defendants had acted negligently or wantonly in failing to maintain reasonably safe premises at a Wal-Mart store. 710 So. 2d 1258 (Ala. Civ. App. 1997). While *Boyd* did not specifically delineate its reasoning as to the two managers, it did state, "We cannot say that, as a matter of law, the evidence before us shows that Wal-Mart, Wilson and Shirley were not negligent" in tending to the accumulation of rainwater on the floor of the store. *Id.* at 1260. Implicit in the *Boyd* decision, then, is a recognition that the managers of the Wal-Mart store owed a duty of care to customers to ameliorate unduly slippery floor conditions in the store. Moreover, other similarly situated federal courts applying Alabama law in similar cases have remanded these personal injury actions. *See, e.g., Fuchsberger v. Love's Travel Stops & Country Stores, Inc.*, 2016 WL 6804896 (M.D. Ala. Nov. 16, 2016); *Parker v. Lowe's Home Ctrs.*, 2013 WL 12404904 (M.D. Ala. Oct. 29, 2013); *McDonnell v. Cracker Barrell Old Country Store, Inc.*, 2007 WL 314492 (S.D. Ala. Jan. 31, 2007); *Kimbrough v. Dial*, 2006 WL 3627102 (S.D. Ala. Dec. 8, 2006).

---

(Doc. 7 at 7-8). The court does not, however, apply the law of any other jurisdiction but Alabama. As such, those cases are inapposite.

The court is also mindful that the Eleventh Circuit counsels against engaging in speculation as to what an Alabama court may do: "the decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands." *Henderson*, 454 F.3d at 1281 (reversing district court's denial of motion to remand on fraudulent joinder grounds). This approach is reinforced by the rule that that district courts examining fraudulent joinder arguments must "resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez*, 139 F.3d at 1380.

In light of these authorities, the court must defer to the state courts and resolve the uncertainties concerning applicable law in Plaintiff's favor. Accordingly, the court concludes Defendants have not met their burden of showing by clear and convincing evidence that there is no reasonable possibility that Plaintiff's negligence and wantonness claims against Deale could be sustainable under Alabama law.[6]

---

[6] To the extent Defendants invite the court to reserve ruling on the motion to remand until sufficient discovery has been conducted regarding the claims against Deale (doc. 7 at 9-10), the court declines. Under the circumstances, discovery should be conducted under the direction of the State court on Plaintiff's claims.

## IV. CONCLUSION

Based on the foregoing, the motion to remand is due to be granted. (Doc. 3). A separate order will be entered remanding the case to the Circuit Court of Jefferson County, Alabama, Bessemer Division.

**DATED**, this 19th day of May, 2020.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge